RECEIVED

OCT - 5 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JACQUELINE SCANLAN | CIVIL ACTION NO. 14-0068 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a motion for summary judgment filed by defendant, the United States of America. [Doc. 13] Pursuant to its motion, defendant seeks "judgment as a matter of law dismissing Plaintiff's claims with prejudice," arguing "Plaintiff has failed to present sufficient evidence to show that she will be able to carry her burden of proof at trial on necessary elements to her claim." [Doc. 13-1, pp. 1, 7] For the following reasons, the motion is GRANTED.

### Background

This civil suit arises from injuries plaintiff Jacqueline Scanlan alleges she sustained after slipping and falling on the steps at the United States Post Office in Gueydan, Louisiana, on February 2, 2011. Jurisdiction in this matter is premised upon the Federal Tort Claims Act ("F.T.C.A."), 28 U.S.C. §§ 1346(b), 2671-2680. The following facts, taken from defendant's statement of undisputed material facts, are not in dispute[1]:

1. Plaintiff, Jacqueline Scanlan, maintained a post office at the Gueydan Post Office for at least 20 years prior to her accident on February 2, 2011. She checked the box at least 2-3 times a week before this fall.

2. On many of those visits, Plaintiff used the same steps on which the fall occurred. She testified that the steps had not changed over the years and were

---

[1]See LR 56.1 - 56.2.

>   the same on the day of the fall as they had been in all of her previous uneventful uses.
>
> 3. ... [Plaintiff] is unsure what caused her to fall. When asked how the accident happened, Plaintiff testified that she wishes she knew.
>
> . . . .
>
> 5. Plaintiff has not included any specific allegations of negligence on the part of the United States or of any employee of the United States Postal Service in the complaint in this matter.

[Doc. 13-4, p. 1; *see also* Doc. 15, p. 1 (internal citations omitted)]

## Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed.R.Civ.P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at § (c)(1).

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an

absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994)(internal citations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001).

## Analysis

The government argues summary judgment in its favor is warranted because plaintiff's claim falls outside the waiver of sovereign immunity granted by the Federal Tort Claims Act ("FTCA"); alternatively, defendant asserts plaintiff has failed to present sufficient evidence to establish a premises liability claim under the FTCA.

"As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). One of the vehicles by which the United States has waived its sovereign immunity is the Federal Torts Claims Act. *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 374 (5th Cir. 1987). The FTCA is a limited waiver of sovereign immunity. 28 U.S.C. § 1346(b); 28 U.S.C. § 2680. It allows for recovery from the United States for

personal injury, where the personal injury is:

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674.

Pursuant to Louisiana law:

> [I]n order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation.

*Chambers v. Village of Moreauville*, 85 So.3d 593, 597 (La. 2012).

In this matter, plaintiff has set forth no facts or argument addressing elements (3) and (4). Rather, plaintiff treats this matter as a claim of strict liability - i.e., liability without fault. [Doc. 15, pp. 4-5 (citing *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La. 1990)] The FTCA precludes claims based upon strict liability, due to the statutory language which requires a "negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1); *Laird v. Nelms*, 406 U.S. 797, 798-99 (1972). Additionally, strict liability for defective things was abolished in Louisiana in 1996. *See e.g.* 12 William E. Crawford, LOUISIANA CIVIL LAW TREATISE: TORT LAW §§ 19.1, 19.2 (2d ed. 1996); *Laysone v. Kansas City Southern R.R.*, 786 So.2d 682, 689, n. 9 (La. 2001).[2] As defendant has carried its burden of pointing to an absence of evidence on this prima facie

---

[2] Indeed, the case upon which plaintiff exclusively relies, *Sistler v. Liberty Mut. Ins. Co.*, was decided in 1990, prior to the abolition of strict liability for premises liability claims in Louisiana. The test set forth in that case, upon which plaintiff exclusively relies, is no longer a proper characterization of the law in Louisiana, as it contains no requirement that a defendant knew or should have known of the vice or defect.

element of plaintiff's claim, summary judgment in favor of the government must be GRANTED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____5_____ day of October, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE